**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-2172**

───────────

JERRY LYNN MERSHIMER; LORI LORAINE MERSHIMER, d/b/a Spirit
Gun Shop,

               Plaintiffs – Appellants,

        v.

CARLTON BOWERS, Director of Industry Operations Charlotte
Field Division, Bureau of Alcohol, Tobacco, Firearms &
Explosives,

               Defendant – Appellee.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge. (2:07-cv-00025-LHT)

───────────

Submitted: September 17, 2010    Decided: September 29, 2010

───────────

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Richard E. Gardiner, Fairfax, Virginia, for Appellants.  Edward
R. Ryan, Acting United States Attorney, Sidney P. Alexander,
Assistant United States Attorney, David C. Lieberman, Associate
Chief Counsel, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lynn and Lori Loraine Mershimer, d/b/a Spirit Gun Shop ("Spirit"), appeal the district court's order granting summary judgment in favor of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and dismissing its petition for review of the ATF's final administrative decision revoking Spirit's firearms dealer's license for violations of the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921-30 (2006), and its implementing regulations. Spirit argues that the district court erred in granting summary judgment on the basis of the administrative record and because its violations were not willful. We affirm.

We review de novo the district court's adverse grant of summary judgment and construe the facts in the light most favorable to Spirit. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). After notice and opportunity for a hearing, the Attorney General may "revoke any license issued pursuant to 18 U.S.C. § 923 if the holder of such license has willfully violated any provision of the GCA or any rule or regulation prescribed by the Attorney General under the GCA." Am. Arms Int'l v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009) (internal

2

quotation marks, alterations, and ellipsis omitted). Summary judgment in favor of the ATF is proper "if no genuine issue of material fact exists about whether the licensee willfully violated an applicable statutory or regulatory provision." Id. (internal quotation marks and alteration omitted). A willful violation of the GCA or its implementing regulations is present where a licensee deliberately disregards or exhibits plain indifference toward his known legal obligations. Id. at 84.

We have reviewed the record and the parties' briefs and conclude that summary judgment in the ATF's favor was proper. Spirit admitted violating the GCA and implementing regulations by failing to timely record the disposition of twenty-seven firearms, and we have no trouble concluding that Spirit's violations were willful.

As a firearms licensee, Spirit was required by the GCA and applicable regulations to comply with a number of recordkeeping requirements administered by the ATF. See 18 U.S.C. § 923. In accordance with the GCA and applicable regulations, Spirit was also subject to compliance inspections of its premises. In April 1997, the ATF conducted an inspection and cited Spirit for failing to properly record transferee identification information, in violation of 27 C.F.R. § 478.124(c) (2010), and failing to maintain a repair record, in violation of 27 C.F.R. § 478.125(e) (2010). The inspector

3

reviewed his violations report with principal Jerry Mershimer. A warning letter was subsequently sent to Spirit, reminding it that its license was conditioned upon compliance with federal firearms laws and regulations and that repeat violations "will be viewed as willful, and may result in the revocation of [the] license."

The ATF conducted its next inspection in March 2002, and the inspector's violations report cites Spirit for, among other violations, failing to timely record the sale or disposition of fifteen firearms in the acquisition and dispositions record, in violation of 27 C.F.R. § 478.125(e). The inspector reviewed the violations report and relevant provisions of the GCA and regulations with Jerry Mershimer. Included in this regulatory review was a list of Spirit's recordkeeping obligations under 27 C.F.R. § 478.125(e).

In January 2006, the ATF conducted another inspection, and the inspector's violations report cites Spirit for, among many other violations, failing to timely record the purchase or other acquisition of over 180 firearms and failing to timely record the sale or other disposition of twenty-one firearms in the acquisitions and dispositions record, in violation of 27 C.F.R. § 478.125(e). As before, the inspector reviewed both the violations report and relevant provisions of the GCA and regulations with Jerry Mershimer. On February 16, 2007, the ATF

4

issued a Notice of Revocation of License ("NORL") to Spirit. Four days later, the ATF conducted yet another inspection, and the inspector determined that, since the 2006 inspection, Spirit had again violated 27 C.F.R. § 478.125(e) by failing to timely record the disposition of six firearms in the acquisition and dispositions record. In May 2007, the ATF issued an amended NORL to Spirit, alleging six charges of numerous willful violations of the GCA and implementing regulations as grounds for the revocation of its firearms dealer's license.

At Spirit's request, the ATF held a hearing in June 2007. The hearing officer determined that Spirit willfully violated the GCA and its implementing regulations by failing to timely record the disposition of twenty-seven firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e), and falsely recording the transfer of two firearms, in violation of 18 U.S.C. § 922(m) (2006). Following the hearing, the ATF served Spirit with a final NORL.

Spirit filed a petition for de novo judicial review of the revocation of its license, pursuant to 18 U.S.C. § 923(f)(3). It contested the ATF's conclusions that it willfully violated the GCA and regulations. The Respondent ATF official moved for summary judgment. In response, Spirit maintained that, although it had failed to timely record the

5

disposition of the twenty-seven firearms, its failures were not willful.

Based on our review of the record, we agree with the district court that Spirit's admitted violations were willful. The facts readily reveal that, by the time of the 2007 inspection, Spirit had known for nearly a decade that its firearms license was conditioned upon its compliance with the GCA and its implementing regulations, and that such compliance included adherence to the recordkeeping requirements of 27 C.F.R. § 478.125(e). Despite this knowledge, however, in the ensuing years prior to the issuance of the original NORL, Spirit failed to comply with those recordkeeping provisions in at least 216 instances. Such failures occurred even though the ATF had conducted reviews of the violations reports and a regulatory review with Jerry Mershimer. Moreover, Spirit's recording failures continued even after the issuance of the original NORL. The violations reports, warning letter, regulatory review, and even the issuance of a revocation notice were not enough to bring Spirit into compliance. In view of these circumstances, we conclude that Spirit was plainly indifferent toward its legal obligations.

We also reject Spirit's claims of error, raised for the first time on appeal, concerning the authentication of the administrative record and the district court's reliance on it.

6

See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately set forth in the briefs and argument would not aid the decisional process.

AFFIRMED